Case 1:16-cv-22244-DPG   Document 23   Entered on FLSD Docket 12/14/2016   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-22244-GAYLES

ILYES YAKOUB,
                Plaintiff,

v.

TRADEWINDS AIRLINES, INC. d/b/a
SKYLEASE CARGO, INC.; SKY LEASE I,
INC.; and SKY LEASE II, INC.,
                Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants Sky Lease I, Inc., and Sky Lease II, Inc.'s (collectively, "Sky Lease") Motion to Dismiss Plaintiff's Complaint [ECF No. 16].[1] The Court has reviewed the Complaint, the briefs of counsel, and the applicable law and is otherwise fully advised in the premises. For the reasons that follow, the motion shall be granted.

**I.    BACKGROUND**

According to the allegations in his Complaint, Plaintiff Ilyes Yakoub was employed by the Defendants as a pilot from July 2011 until August 2013. Compl. ¶ 13. During the course of his employment, Yakoub states that he was discriminated by the Defendants in various ways because of his national origin (Arab/Middle Eastern) and religion (Islam). He was denied promotions when less qualified and less experienced non-Arab, non-Muslim pilots with lower seniority were promoted over him and given preference for overtime and working longer flights. *Id.* ¶ 15. He was also threatened by superiors to surrender his flight schedule to non-Arab, non-Muslim pilots, and when he voiced his opposition, the Defendants revised his flight schedule. *Id.* ¶ 19.  Supervisors

---

[1] Defendant Tradewinds Airlines, Inc. d/b/a Skylease Cargo, Inc. has not yet responded to the Complaint.

would frequently make comments disparaging of people of Arab descent, such as calling them "terrorists." *Id.* ¶ 17. The Defendants would refuse Yakoub's repeated requests for meals that did not include pork, which he is forbidden to eat as a Muslim. *Id.* Yakoub states that after being subject to years of discriminatory conduct, he was constructively discharged on August 18, 2013. *Id.* ¶ 20.

Yakoub filed a Charge of Discrimination with the Florida Commission on Human Relations on August 1, 2013, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 21; *see also* Def.'s Mot. Ex A (charge of discrimination). The EEOC mailed Yakoub a Notice of Right to sue on March 29, 2016. Compl. ¶ 22. Yakoub then filed his Complaint in this Court on June 16, 2016 [ECF No. 1]. He claims that the Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Florida Civil Rights Act, Fla. Stat. § 760 *et seq.*; and 42 U.S.C. § 1981.

Sky Lease filed the instant motion to dismiss on October 5, 2016 [ECF No. 16]. They assert three arguments: (1) the Complaint is a shotgun pleading; (2) the claims for constructive discharge, failure to promote, and hostile work environment are barred because they are beyond the scope of Yakoub's Charge of Discrimination; and (3) Yakoub's Section 1981 claim must fail because Yakoub has not made allegations of discrimination based on race.

## II.   LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not

entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

### III.  DISCUSSION

The Court need not reach the substance of Yakoub's claims because it finds that Sky Lease's shotgun pleading argument is dispositive of the motion. A district court has the obligation to identify and dismiss a "shotgun" complaint. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008), *abrogated on other grounds by Iqbal*, 556 U.S. 662. Recently, the Eleventh Circuit outlined four types of these pleadings, all of which require amendment because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). One type of shotgun pleading "is one that commits the sin of not separating into a different count each cause of action for relief." *Id.* at 1322-23.

The Eleventh Circuit has also interpreted Federal Rule of Civil Procedure 10(b) to require separate counts for separate claims. *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Titus v. Miami Dade Cnty. Water & Sewer Dep't*, No. 15-22316, 2016 WL 3544494, at *2 (S.D. Fla. June 29, 2016). In *Titus*, for example, Judge Cooke found that a plaintiff's complaint violated Rule 10(b) where the counts as alleged in his complaint "blend[ed] various discrimination and retaliation claims." 2016 WL 3544494, at *2. Because the causes of action are distinct,

3

she ruled that the claims should have been pled separately.

Here, Yakoub brings three umbrella counts alleging violations of Title VII, the Florida Civil Rights Act, and Section 1981. However, in each Count, Yakoub improperly groups together distinct causes of action for, as he describes them, "retaliation, failure to promote, national origin discrimination, religious discrimination, hostile work environment[, and] discriminatory wage practices." Pl.'s Opp'n at 6. "With these deficiencies, there is no doubt that no defendant to this action (let alone the Court) can reasonably know what the Plaintiff intends to allege." *Cid v. City of Miramar*, No. 16-60844, 2016 WL 4264053, at *3 (S.D. Fla. Aug. 12, 2016) (citation and internal punctuation marks omitted).

The purpose of a complaint is "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. If it must fall to a plaintiff to untangle his allegations into separate claims within his opposition to a defendant's motion to dismiss, then his complaint has failed that purpose. For this reason alone, the Complaint must be dismissed as a shotgun pleading.

\* \* \*

Yakoub requests, in the final sentence of his opposition to the motion to dismiss, that "[i]n the event the Court grants any part of Defendants' motion," he be given "leave to amend the Complaint pursuant to Rule 15, Fed. R. Civ. P." Pl.'s Opp'n at 15. Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading once as a matter of course within either twenty-one days after serving it, or twenty-one days after service of a required responsive pleading or motion filed under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). As that period of time has passed in this case, Yakoub may amend his pleading only with the Defendants' written consent, which they have not given, or the Court's leave, which it "should freely give . . . when justice so requires." *Id.* R. 15(a)(2); *see also Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir.

4

1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend his complaint before the district court dismissed the action with prejudice."). However, "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 1999) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)) (internal quotation marks omitted). "Filing a motion is the proper method to request leave to amend a complaint," and in moving for leave to amend, a plaintiff must comply with Rule 7(b) by either "set[ting] forth the substance of the proposed amendment or attach[ing] a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999); *see also Doe v. Pryor*, 344 F.3d 1282 (11th Cir. 2003).

Yakoub has done none of these things. He has not filed a motion, his request for leave to amend is secondary to his memorandum in opposition, he has not attached a copy of the proposed amendment, and he has not set forth the substance of the amendment in his request. *See Tepper-Barak v. JM Auto, Inc.*, No. 16-61876, 2016 WL 6082358, at *3 (S.D. Fla. Oct. 18, 2016); *McGirt v. Broward Coll.*, No. 15-62324, 2016 WL 1161093, at *3 (S.D. Fla. Mar. 23, 2016). "The Eleventh Circuit has held that a district court acts well within its authority if it dismisses **with prejudice** a complaint in a case where, as here, 'the plaintiff fail[s] to attach the proposed amendment or set forth the substance of the proposed amendment' but rather includes the request for leave to amend in a memorandum filed in opposition to the defendant's motion to dismiss." *Tepper-Barak*, 2016 WL 6082358, at *3 (emphasis in original) (quoting *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006)).

That said, the Court will not punish the Plaintiff for his counsel's failure. The Court will dismiss the Complaint *without* prejudice and will consider granting leave to amend upon the filing of a proper motion.

5

## IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [ECF No. 16] is **GRANTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

This action is **CLOSED** and all other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of December, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE